IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| ARVIN B. RED STAR, | CV 13-00097-GF-DWM-RKS |
|---|---|
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| KENNY TROTTIER, MARCIA GOODSEPT-HURD, SEAN REDBOY and SIMON GOLOB, et al., Defendants. | |

**SYNOPSIS**

Mr. Red Star filed alleges Defendants violated his civil rights during his federal criminal proceedings by wrongfully choosing to prosecute him, failing to secure a proper indictment, failing to prove his guilt beyond a reasonable doubt, and miscalculating the sentencing guidelines. Mr. Red Star's claims for damages are barred because his sentence has not been invalidated. The Complaint should be dismissed.

**JURISDICTION**

This case was filed in federal court, in the Great Falls Division of the District of Montana. (Complaint, Doc. 2.) The Court has personal jurisdiction over the parties, all of whom are found in Montana. Fed. R. Civ. P. 4(k)(1)(A);

1

Mont. R. Civ. P. 4(b). Read liberally, the Complaint attempts to allege a violation under federal law, invoking subject matter jurisdiction. 28 U.S.C. § 1331, 28 U.S.C. § 1343(a). The case was assigned to Hon. Donald W. Molloy, United States District Court Judge, and referred to the undersigned. L.R. 72.2(a)(1).

## STATUS

Mr. Red Star is a federal prisoner. His Complaint must be reviewed to determine if the allegations are frivolous, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A. If so, the case must be dismissed. 28 U.S.C. §§ 1915(e)(2), 1915A(b). This is the review.

## STANDARDS

**Stating a claim**

A complaint must allege sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility is less than probability, but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. Pleadings that are no more than

conclusions are not entitled to the presumption of truth and may be disregarded. *Id.* at 679. A plaintiff must plead the essential elements of a claim to avoid dismissal. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

**Leave to amend**

The court liberally construes pro se pleadings. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). "Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

Leave to amend a complaint should be given freely "when justice so requires." Fed.R.Civ.P. 15. However, a district court should dismiss a complaint without granting leave to amend if amendments would be futile. *Klamath Lake Pharmaceutical Ass'n v. Klamath Medical Services Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983). "Leave to amend need not be given if a complaint, as amended, would be subject to dismissal." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).

**Challenge to Conviction**

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that a civil rights complaint under § 1983 cannot proceed when "a

judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. "[T]he rationale of *Heck* applies to *Bivens* actions." *Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996).

## FACTUAL ALLEGATIONS

According to his federal criminal case docket, Mr. Red Star was tried and convicted of aggravated sexual abuse in August 2010. *United States v. Red Star*, Criminal Case No. 10-cr-00060-SEH, Doc. 48.[1] He was sentenced to serve 216 months in prison, to be followed by a ten-year term of supervised release. *United States v. Red Star*, Criminal Case No. 10-cr-00060-SEH, Doc. 67. The conviction was affirmed by the Ninth Circuit Court of Appeals on October 5, 2011. *United States v. Red Star*, No. 10-30351 (9th Cir. October 5, 2011)(unpublished mem.disp.). A petition for writ of certiorari was denied on February 21, 2012. *Red Star v. United States*, ___ U.S. ___, 132 S.Ct 1596 (2012). Mr. Red Star filed a Motion to Vacate his conviction pursuant to 28 U.S.C. § 2255 on August 20, 2012. The motion was denied on January 17, 2013. His request to the Ninth Circuit

---

[1]The court may take judicial notice of public records, including proceedings in other courts. *U.S. ex rel Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

4

Court of Appeals for a certificate of appealability was denied on April 25, 2013 and his petition for writ of certiorari to the United States Supreme Court was denied on October 7, 2013. *United States v. Red Star*, Criminal Case No. 10-cr-00060-SEH, Docs. 87, 92, 95.

For purposes of this review, the allegations in Mr. Red Star's Complaint are presumed to be true so long as they have some factual support. Unsupported legal conclusions, however, are disregarded. Mr. Red Star alleges he suffered from an insufficient indictment and malicious and selective prosecution because he exercised his right to a jury trial. He alleges that he consequently suffers wrongful imprisonment. Mr. Red Star provides background regarding his criminal conviction and a series of complaints regarding the criminal process. He first alleges that the victim of the assault did not go to the hospital until two days after the incident, that the medical evidence was unreliable, that he was deprived of DNA evidence, and that the victim alleged another individual also assaulted him. Mr. Red Star next alleges that a custodial interrogation was conducted of him by law enforcement officers without counsel which elicited an incriminating statement even though the officers knew Mr. Red Star had a history of diminished capacity. He alleges that there was a "corrupted chain-of-evidence" but provides no factual details regarding this allegation.

Mr. Red Star alleges that on May 24, 2010, Defendants Mercer, Cotter, McLean, and an unknown FBI Indian case agent acted with deliberate indifference to his rights by acting outside standard operating procedures and applying a lower evidentiary threshold to secure an insufficient federal indictment against him.  Mr. Red Star alleges there was no likely criminal activity on his part and non-Native Americans are generally not prosecuted for similar offenses.  Mr. Red Star also alleges that on December 1, 2010, Defendants Cotter and McLean wrongfully applied the United States Sentencing Guidelines, resulting in a 216 months sentence, and ignored mitigating evidence regarding his moral culpability and other sentencing factors.  (Complaint, Doc. 2 at 5-7.)

Mr. Red Star seeks class certification and appointment of counsel.  He requests thirty million dollars in punitive damages for wrongful infliction of severe emotional pain and duress, wrongful interruption of expected course of life, loss of family ties and bonds, and loss of reputation.  He also seeks ten million dollars compensatory damages for wrongful imprisonment, loss of past and future employment wages.  He requests injunctive relief in the form of an order invalidating the 2001 lowered evidentiary threshold policy for Indian country and invalidating the 2001 and 2003 cross deputization agreements between Fort Peck Tribes and State of Montana law enforcement officers.  (Complaint, Doc. 2 at 8.)

## ANALYSIS

A finding that Mr. Red Star's rights were violated during his criminal proceedings would necessarily imply the invalidity of his conviction and sentence. The allegations directly challenge the indictment, prosecution, and sentence duration. Each allegation goes to the validity of Mr. Red Star's confinement. As Mr. Red Star's conviction and sentence have not been reversed, declared invalid, expunged, or called into question, any claims challenging his conviction and sentence are barred by *Heck*, 512 U.S. 477.

## CONCLUSION

Mr. Red Star's claims are absolutely barred by the *Heck* doctrine. These are not defects which could be cured by amendment. The Complaint should be dismissed.

### A. "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g).

The question of whether a complaint dismissed pursuant to *Heck*, 512 U.S. 477 constitutes a strike has not been addressed by the Ninth Circuit. *Andrews v.*

*Cervantes*, 493 F.3d 1047, 1052, n. 2 (9th Cir. 2007). However, the Supreme Court in *Heck* stated its ruling was based on a denial of "the existence of a cause of action." *Heck*, 512 U.S. at 489. Several other courts have held that *Heck* dismissals constitute dismissals for failure to state a claim. *See e.g., Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) ("A §1983 claim which falls under the rule in *Heck* is legally frivolous."); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995) ("[I]n light of *Heck*, the complaint was properly dismissed for failure to state a claim."); *Ransom v. Westphal, et al.*, 1:08 CV 01327-DMS-AJB (E.D. Cal. April 4, 2010); *Romero v. United States, et al.*, No. CV 11-531-PHX-DGC 2011 U.S. Dist. WL 1261293 (D.Ariz. Apr. 5, 2011). This authority is persuasive. Dismissal pursuant to *Heck* should be a strike under 28 U.S.C. §1915(g).

### B. Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (*quoting Coppedge*, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke*, 490 U.S. at 325, 327; *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact. As such, no reasonable person could suppose an appeal would have merit. The Court should certify that any appeal of this matter would not be taken in good faith.

### C. Address Changes

At all times during the pendency of this action, Mr. Red Star SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

It is **RECOMMENDED:**

1. Mr. Red Star's Complaint (Doc. 2) should be dismissed.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). Mr. Red Star failed to state a claim upon which relief may be granted.

4. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Red Star may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of

---

[2] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 24th day of February, 2014.

                                             */s/ Keith Strong*
                                             Keith Strong
                                             United States Magistrate Judge